**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**MARIANITO ROLON RIVERA,**

*Petitioner,*

v.

**UNITED STATES OF AMERICA,**

*Defendant.*

**CIVIL NO. 17-1200 (DRD)**
(Criminal Case No. 15-182)

**OMNIBUS OPINION AND ORDER**

Pending before the Court is Petitioner, Marianito Rolón-Rivera's *Pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See* Docket No. 1.[1] The Government filed later the respective *Response in Opposition* thereto. *See* Docket No. 13. The Petitioner then filed a *Reply. See* Docket No. 14. Also pending is Mr. Rolón's *Petition for Writ for Habeas Corpus Pursuant to Title 28 U.S.C. § 2241, Title 28 U.S.C. § 2255(e) (Savings Clause) and Hughes v. United States Number 17-155, 584 U.S.----- 2018). See* Docket No. 18. The Government filed their respective *Response in Opposition* thereto. *See* Docket No. 25.

For the reasons stated herein, the Court **DENIES** the Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (hereinafter, "Motion to Vacate") (Docket No. 1) and *Petition for Writ for Habeas Corpus Pursuant to Title 28 U.S.C. § 2241, Title 28 U.S.C. § 2255(e) (Savings Clause) and Hughes v. United States Number 17-155, 584 U.S.----- 2018)* (Petition for Writ for Habeas Corpus") (Docket No. 25).

---

[1] A Memorandum of Law in support thereof was included with the § 2255 Petition. *See* Docket No. 1-1.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

As stated in the *Complaint* (Docket No. 1), on March 5, 2015, Puerto Rico Police Department (hereinafter, "PRPD") officers, with the assistance of Homeland Security Investigations (hereinafter, "HSI") executed a state issued search warrant at a residence located in the Municipality of San Juan, Puerto Rico. While executing the warrant, the PRPD officers intervened with an individual later identified as Marianito Rolón-Rivera, the Petitioner. See Docket No. 1-1 in criminal case no. 15-182 (DRD). Inside the residence, "120 decks of heroin, 2000 vials of crack cocaine, 198 baggies of cocaine, 650 baggies of marijuana, $6,272.00 in U.S. Currency, drug ledgers and drug paraphernalia such as glass vials and empty plastic baggies" were found and occupied. *Id.* at ¶ 4. According to the officers, when they were searching the property, the Petitioner "stated he owned a pistol, and that it was located inside his vehicle (which is registered under his father's name)." *Id.* Officers asked for consent and obtained voluntary verbal consent to search the vehicle. Inside the vehicle, the officers then found "a Glock model 27 pistol (.40 cal.—serial number PZY833), 4 ammunition magazines, and 52 rounds of .40 ammunition." *Id.*

The Petitioner was then arrested for possession of controlled substances with intent to distribute and illegal possession of a firearm and transported to the PRPD precinct, where he was provided his written Miranda Rights. Mr. Rolón-Rivera expressed that he understood his rights and agreed to speak to HSI agents. *Id.* at ¶ 5. According to the Complaint, the Petitioner stated that he owned the drugs that were seized from the property, as well as the pistol and ammunition that were occupied from his vehicle upon obtaining consent for search. *Id.* He further stated that he supplied drugs to the drug point of Los Peñas' Public Housing Project. He receives the weekly

amount of $600.00 for storing the drugs. While also stating that he had been previously convicted for a felony and imprisoned for 1 year and 9 months for violation of the Puerto Rico Domestic Violence Law, Art. 3.2 Aggravated Abuse Reclassified to Art. 3.1 Abuse Assault before the Court of First Instance, San Juan Part, criminal case nos. K LE2009G0164 and K LE2009G0165. *See Id.*

As a result thereof, on March 12, 2015, a Grand Jury returned a Six-Count Indictment against the Petitioner for possession of a Schedule II Narcotic Controlled Substance, that is, cocaine-base, with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (hereinafter, "Count One"); possession of a Schedule I Narcotic Controlled Substance, that is, heroine, with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (hereinafter, "Count Two"); possession of a Schedule II Narcotic Controlled Substance, that is, cocaine, with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (hereinafter, "Count Three"); possession of a Schedule II Narcotic Controlled Substance, that is, marihuana, with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)  (hereinafter, "Count Four"); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (hereinafter, "Count Five"); and prohibited person in possession, that is, a convicted felon in violation of 18 U.S.C. §§ 922 (g)(1) and 924(a)(2) (hereinafter, "Count Six"). See Docket No. 11 in Criminal Case No. 15-cr-812 (DRD). The Petitioner entered a guilty plea as to Counts Four and Five of the Indictment. *See* Docket Nos. 68-70. Accordingly, on June 10, 2016, the Petitioner was sentenced to a term of imprisonment of six (6) months as to Count Four and 84 months as to Count Five, to be served consecutively with each other for a total term of eighty-four (84) months. *See* Docket No. 80 in criminal case no. 15-182 (DRD). Judgment was entered

on the same date. *See* Dkt. No. 81 in criminal case no. 15-182 (DRD). As the Petitioner did not file a Notice of Appeal, his sentence became effective fourteen (14) days thereafter.

On February 9, 2017, the Petitioner timely initiated the instant matter pursuant to 28 U.S.C. § 2255 (Docket No. 1) claiming that counsel was ineffective for failing to object to the District Court's want of subject matter jurisdiction over the § 924(c) Count 5 of the Indictment; and counsel's failure to file a Notice of Appeal as requested by the Petitioner.[2] The Government filed a *Response in Opposition* thereto wherein it submits that "[Petitioner's] first claim lacks merit and should be denied. Rolón-Rivera's second claim, however, raises an issue of fact." Docket No. 13 at 1. Therefore, the Government suggested that the Court to hold and evidentiary hearing solely as to his claim that counsel failed to file a Notice of Appeal, as requested. *See Id.*

Subsequently, on November 20, 2018, the Petitioner "filed a writ of habeas corpus under 28 U.S.C. § 2241, § 2255's savings clause, and Hughes v. United States, 138 S.Ct. 1765, 201 L. Ed. 2d 72 (2018)." Docket No. 25 at 1. The Government filed a *Response in Opposition* thereto wherein it submits that the Petitioner's motion "should be denied because it is untimely and, in any event, meritless." Docket No. 25 at 1.

For the reasons articulated below, the Court **DENIES** the Petitioner's *Motion to Vacate* and *Petition for Writ of Habeas Corpus*. *See* Docket Nos. 1 and 18, respectively.

## II.    LEGAL ANALYSIS

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate, set aside, or correct his or her sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

---

[2] An *Affidavit* in support thereof has been filed by the Petitioner. *See* Docket No. 1-2.

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, "[r]elief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); *see Knight v. United States*, 37 F.3d 769, 772-73 (1st Cir. 1994).

**A.    *§ 2255 STATUTE OF LIMITATIONS:***

Cases arising under 28 U.S.C. § 2255 have a one-year statute of limitations, which runs from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In 2010, the U.S. Supreme Court held in *Holland v. Florida* that the statute of limitations period under a similar AEDPA provision, 28 U.S.C. § 2244(d), applicable to federal habeas petitions filed by prisoners in state custody, is subject to equitable tolling under certain circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Following the *Holland* decision as well as ten other circuit courts of appeals, the First Circuit recently held that the "one-year

limitations period [in §2255 cases] is subject to equitable tolling in appropriate instances." *Ramos-Martínez v. United States*, 638 F.3d 315, 322 (1st Cir. 2011).

To gain the benefit of the equitable tolling doctrine, the petitioner must show "'(1) that he/she has been pursuing his/her rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (listing additional factors that may influence whether or not to grant equitable tolling).  Binding First Circuit precedent holds that "that equitable tolling is available only in cases in which circumstances beyond the litigant's control have prevented [him] from promptly filing*." Ramos-Martínez*, 638 F.3d at 322 (1st Cir. 2011)(internal citations and quotations omitted); *see also Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004)("To preserve the usefulness of statutes of limitations as rules of law, equitable tolling should be invoked only 'sparingly.'")(quoting *Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89, 96 (1990)).

In the case at bar, Petitioner's Judgment was entered on June 10, 2016, becoming final fourteen (14) days thereafter as he did not file a Notice of Appeal. The Court notes that the *Motion to Vacate* was timely filed, whereas, the *Petition for Writ of Habeas Corpus* was not. As stated infra, the Petitioner filed the *Petition for Writ of Habeas Corpus* on November 20, 2018, approximately two (2) years and six (6) months after the expiration of the one (1) year statute of limitation provided for § 2255 Petitions*. See* Docket No. 18.

Furthermore, Rule 15 of the Federal Rules of Civil Procedure clearly provides that an amendment of a pleading relates back to the date of the original pleading if one of the following circumstances is present:

"(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out –or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted . . ."

Fed. R. Civ. P. 15(c). The Court finds that Mr. Rolón's new claims do not relate back to his original *Motion to Vacate* his sentence. Most critical, the Petitioner had the burden of showing that some extraordinary circumstance stood in his way and prevented a timely filing, yet no such reason was proffered. Absent an applicable exception, petitions filed outside that year are untimely. *See Lattimore v. Dubois*, 311 F.3d 46 (1st. Cir. 2002); *United States v. Marcello*, 212 F. 3d. 1005, 1010 (7th Cir. 2000). Thus, the Court finds that the Petitioner failed to meet the stringent threshold set forth in *Ramos-Martínez* for untimely filings.

However, even if Mr. Rolón's initial *Petition* was timely, the Court stresses that Petitioner's argument is wholly misguided and completely erroneous. The Court briefly explains. The Petitioner raises two issues, to wit, a lack of nexus between the firearm and the drugs that were seized, making the evidence insufficient to establish a count under § 924(c) and; a lack of interstate nexus as to said count. The problematic with the Petitioner's contention is that in the *Plea Agreement*, he admitted the possession of a firearm in furtherance of a drug trafficking crime as follows:

For the purposes of this plea agreement, Rolón-Rivera acknowledges that he possessed with intent to distribute less than 600 grams of marihuana in violation of 21 U.S.C. § 841(a)(1), and that he possessed a firearm in furtherance of a drug trafficking crime that may be prosecuted in a court of the United States in violation of 18 U.S.C. § 924(c).

Docket No. 68 at 11 in criminal case no. 15-182 (DRD). (emphasis ours). The Petitioner also admitted to the possession of the weapon in furtherance of a drug trafficking crime during his Sentencing Hearing as follows:

> MR. CANNON [AUSA]: For the purposes of this plea agreement, the defendant, Rolón-Rivera, acknowledges that he possessed with intent to distribute less than 600 grams of marijuana, a violation of 21, United States Code, Section 841(a)(1) and that he possessed a firearm in furtherance of a drug trafficking crime that may be prosecuted in a court of the United States in violation of 18, United States Code, 924(c).
> Had this matter proceeded to trial, the United States would have proven beyond a reasonable doubt that the defendant is guilty of violating 21, U.S.C., 841(a)(1) and 18, U.S.C., 924(c) by presenting the testimony of law enforcement officers and a drug chemist, as well as physical and documentary evidence . . .
>
> THE COURT: Mr. Rolón, do you believe that the statement of facts is accurate?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Mr. Gonzalez, is your client willing to waive the reading of the indictment at this time because he's aware of its contents?
>
> MR. GONZALEZ [Defense counsel]: We are, Your Honor.

Docket No. 86 at 18 in criminal case no. 15-182 (DRD). Thus, sufficient factual basis was supplied to support his convictions as to Counts 1 and 2. As expressed by the First Circuit, "[the Court] will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so." *United States v. Pellerito*, 878 F.2d 1535, 1539 (1st Cir. 1989); *see also United States v. Santiago Miranda,* 654 F.3d 130 (1st Cir. 2011)(holding that without independent corroboration, court not only views a plea colloquy as evidential, but sufficiently conclusive to contradict a defendant's claims.)

Petitioner's contention that there is a lack of an effect on commerce is equally meritless. In order for a person to be convicted under § 924(c)(1), "the government must prove possession

of the gun[] and a significant nexus between the gun[] and the drug crime, meaning that 'the firearm facilitates or has the potential to facilitate the drug trafficking offense.'" *United States v. Rodriguez-Lozada*, 558 F.3d 29, 40 (1st Cir. 2009). As correctly set forth by the Sixth Circuit, "[t]he use of a firearm [] in a drug conspiracy [is not a] not free-standing statute[], but [is] tied to the underlying drug conspiracy offense which unquestioningly substantially affects interstate commerce." *United States v. Ricketts*, 317 F.3d 540, 543 (6th Cir. 2003); *see United States v. Walker,* 142 F.3d 103 (2nd Cir. 2008)(holding that in enacting Controlled Substances Act, Congress made specific findings and declarations providing specific, reasonable finding that local narcotics activity substantially affected interstate commerce, and Act concerned obvious economic activity of drug trafficking.)

Thus, the Court **DENIES** Mr. Rolón's *Petition for Writ of Habeas Corpus* (Docket No. 18) as it is time barred. In any event, the *Petition* is equally meritless.

**B.    *Ineffective Assistance of Counsel Before the District Court***

The Petitioner asserts that counsel was ineffective as he failed to argue and object the Court's subject matter jurisdiction as to the firearm count; and counsel failed to file a notice of appeal even when requested to do so. *See* Docket No. 1-1 at 2, *see also* Docket No. 1-2 at 2. As to counsel's failure to file a notice of appeal, Mr. Rolón filed an unsworn statement under penalty of perjury in support thereof. The Court disagrees and explains. In order to succeed on a claim of ineffective assistance of counsel under 28 U.S.C. § 2255, Petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010) (quoting *Strickland v. Washington,*

466, U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *see Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996); *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994); *Lema*, 987 F.2d at 51; *López-Nieves v. United States*, 917 F.2d 645, 648 (1st Cir. 1990) (citing *Strickland*, 466 U.S. at 687). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). However, it has been recognized that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

There is no doubt that *Strickland* also applies to representations outside of the trial setting, which would include plea bargains, sentence and appeal. *See Missouri v. Frye*, 132 S. Ct. 1399, 1408-10, 182 L. Ed. 2d 379 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Bonneau v. United States*, 961 F.2d 17, 20-22 (1st Cir. 1992); *United States v. Tajeddini*, 945 F.2d 458, 468-69 (1st Cir. 1991)(abrogated on other grounds by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)); cf. *Panzardi-Álvarez v. United States*, 879 F.2d 975, 982 (1st Cir. 1989); *López-Torres v. United States*, 876 F.2d 4, 5 (1st Cir. 1989) (abrogated on other grounds by *Bonneau v. United States*, 961 F.2d 17 (1st Cir. 1992)).

In *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000), the Supreme Court held that "… counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe* provided the rules in

evaluation of an ineffective assistance of counsel based on counsel's failure to file an appeal. The

Supreme Court further stressed that:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because <u>a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.</u> Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal. *Id.* (Emphasis ours).

In order to satisfy the second prong of the *Strickland* test in the context of a guilty plea,

the petitioner must "show that there is a reasonable probability that, but for counsel's errors, he

would not have pleaded guilty and would have insisted on going to trial." *See Hill*, 474 U.S. at 59.

However, as to presentence waivers of appellate rights, the First Circuit explains that:

> "[P]resentence waivers of appellate rights are enforceable if they meet certain criteria. *United States v. Teeter*, 257 F.3d 14, 23 (1st Cir. 2001). First, we require that the defendant enter into the waiver "knowingly and voluntarily." *Id*. at 24–25; accord *United States v. Torres–Oliveras*, 583 F.3d 37, 40 (1st Cir.2009). In examining whether the defendant knowingly and voluntarily waived his appellate rights, the text of the written plea agreement and the change-of-plea colloquy are of critical importance. *Teeter*, 257 F.3d at 24. We evaluate whether the written plea agreement "contains a clear statement elucidating the waiver and delineating its scope," and whether the district court "inquire[d] specifically at the change-of-plea hearing into any waiver of appellate rights," as required by Rule 11(b)(1)(N). *Id.* Second, even if the waiver is knowing and voluntary, we retain discretion not to enforce the waiver if it would result in a "miscarriage of justice." *Id*. at 25; accord *United States v. Torres–Oliveras*, 583 F.3d 37, 42 (1st Cir. 2009)." *Sotirion v. United States*, 617 F.3d 27, 33 (1st Cir. 2010)

The First Circuit has concluded that "plea-agreement waivers of the right to appeal from

imposed sentences are presumptively valid (if knowing and voluntary), but are subject to a

general exception under which the court of appeals retains inherent power to relieve the

defendant of the waiver, albeit on the terms that are just to the government, where a miscarriage of justice occurs." *Id.* It further stressed that such exception "will be applied sparingly and without undue generosity." *Id.* at 26.

Moreover, "[w]hen mulling whether a miscarriage of justice is in prospect, we [the First Circuit] consider, among other things, the clarity of the alleged error, its character and gravity, its impact on the defendant, any possible prejudice to the government, and the extent to which the defendant acquiesced in the result." *United States v. Gil-Quezada*, 445 F.3d 33, 37 (1st Cir. 2006).

### 1) Counsel's failure to object and argue lack of subject matter jurisdiction as to the 28 U.S.C. § 924(c) count

Petitioner argues that counsel failed to object and argue that the District Court lacked subject matter jurisdiction as to the 18 U.S.C. § 924(c) count. The Court disagrees and briefly explains. In order for Mr. Rolón to establish an ineffective assistance of counsel claim, he must prove that "(1) counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. at 687. The applicable standard is "reasonableness under prevailing professional norms". *Id.* at 688. More importantly, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "In order to satisfy the second, or "prejudice," requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 52, 106 S. Ct. 366, 367, 88 L. Ed. 2d 203 (1985).

The Court begins by noting that the Petitioner was oriented and pleaded guilty as to the following offenses:

> THE COURT: Are you aware that you're here today to enter a plea of guilty to Counts IV and V of the indictment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Count IV charges possession of a controlled substance with intent to distribute. That is, a detectable amount of marihuana, in violation of Title 21, United States Code, Section 841(a)(1). Are you aware of that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Count V charges possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A). Are you aware of that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you have time prior to today to consult with your counsel about today's proceedings?
>
> THE DEFENDANT: Yes.

*Change of Plea Hearing* Transcript, Docket No. 86 at 5 in Related Crim. Case No. 15-182 (DRD).

Further and most critical, the Plea Agreement, which was initialized and signed by the Petitioner, specifically stipulated the following facts as part of Mr. Rolón's plea of guilty:

> For the purposes of this plea agreement, Rolón-Rivera acknowledges that he possessed with intent to distribute less than 600 grams of marihuana in violation of 21 U.S.C. § 841(a)(1), and that he possessed a firearm in furtherance of a drug trafficking crime that may be prosecuted in a court of the United States in violation of 18 U.S.C. § 924(c).

*Plea Agreement*, Docket No. 68 at 11 in Related Crim. Case No. 15-182 (DRD). The Court finds Petitioner's argument that counsel failed to object and argue that the District Court lacked subject matter jurisdiction as to the 18 U.S.C. § 924(c) fails as he admitted under oath all the elements of the drug trafficking crime. Accordingly, those elements admitted by Mr. Rolón were the basis to qualify for a conviction as to a controlled substance offense which, in turn, triggered a § 924(c) violation.  Thus, a "categorial approach" inquiry became unnecessary. *See* Docket No. 13 at 4.  As correctly asserted by the Government,

> [the Petitioner's] reliance on *Descamps* and *Mathis* is misplaced. *See Descamps v. United States*, 133 S.Ct. 2276 (2013) (holding that courts must apply with a 'categorical approach' to determine whether a crime of conviction is congruent

with an "enumerated" generic crime listed in an enhancement statute); *Mathis v. United States*, 136 S.Ct. 2243 (2016) (holding that the modified categorical approach may not be applied to statutory offenses listing alternative 'means,' rather than alternative 'elements').

Docket No. 13 at 12. Accordingly, Petitioner's allegation of ineffective assistance of counsel due to Counsel's failure to object and argue lack of subject matter jurisdiction as to the 28 U.S.C. § 924(c) count is meritless and hereby **DENIED**.

### 2) *Counsel's failure to file a Notice of Appeal*

Herein, Mr. Rolón alleges that "[a]fter the Court imposed – the sentence, [he] requested that counsel file a notice of appeal. Counsel [Carmen] Rodriguez [who substituted Mr. Gonzalez during sentencing] indicated that 'she would forward the message to Counsel of record Victor J. Gonzalez-Bothwell,' and that . . the notice of appeal would be filed. [He] was never notified of any notice of appeal in this case, through Gonzalez-Bothwell or Carmen Rodriguez. [His] intentions were no appeal this case, however, Counsel collectively abandoned [him] on appeal as of right in this case." Docket No. 1-2 at 2. However, there is nothing to sustain that the Petitioner actually requested the filing of a Notice of Appeal nor that the legal representation provided by both Mr. Gonzalez and Ms. Rodriguez was faulty.

More importantly, the Petitioner when pleading guilty before U.S. Magistrate Judge, Camille Velez-Rive, was inquired as to the voluntariness of his plea and advised as to the maximum penalties that he faced for Counts IV and V should he proceeded to go to trial.[3] He

---

[3] THE COURT: Has anyone forced you or threatened you to plead guilty?
THE DEFENDANT: No.
THE COURT: Has anyone offered you an award or thing of value to get you to plead guilty?
THE DEFENDANT: No.
THE COURT: Are you pleading guilty then voluntarily?
THE DEFENDANT: Yes.
THE COURT: Mr. Cannon, will you please explain the maximum penalties as to Counts IV and V.

further inquired as to his rights and consequences of entering a plea agreement.[4] Honorable

Magistrate Judge Velez-Rive also inquired the Petitioner as to the charges for which he was

pleading guilty and the legal representation provided by Mr. Gonzalez as follows:

> THE COURT: Okay. Mr. Rolón, are you aware of the fact that you were charged in an indictment by a grand jury which had six counts?
> THE DEFENDANT: Yes.
> THE COURT: Have you talked about the content of that indictment and the charges that have been filed against you with your counsel?
> THE DEFENDANT: Yes.
> <u>THE COURT: Are you fully satisfied with the legal advice and representation provided to you in this case by Counsel Victor Gonzalez-Bothwell?</u>
> <u>THE DEFENDANT: Yes.</u>
> THE COURT: Are you aware that you're here today to enter a plea of guilty to Counts IV and V of the indictment?
> THE DEFENDANT: Yes.
> THE COURT: Count IV charges possession of a controlled substance with intent to distribute. That is, a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(a)(1). Are you aware of that?
> THE DEFENDANT: Yes.
> THE COURT: Count V charges possession of a firearm in furtherance of a drug trafficking crime in violation of TITLE 18, United States Code, Section 924(c)(1)(A). Are you aware of that?
> THE DEFENDANT: Yes.
> THE COURT: Did you have time prior to today to consult with your counsel about today's proceedings?

---

MR. CANNON: Yes, Your Honor. The maximum statutory penalty for offense charged in Count IV is imprisonment of not more than five years, fine not to exceed $250,000, and supervised release term of at least two years pursuant to 21, U.S.C., Section 841(b)(1)(D). The maximum statutory penalty for the events charged in Count V [weapon charge] is a term of imprisonment of not less than five years or more than life, a fine not to exceed $250,000, and a term of supervised release of not more than five years.
THE COURT: Do you understand these maximum penalties, Mr. Rolón?
THE DEFENDANT: Yes.
THE COURT: Do you understand that the penalty for Count V, which is the firearms charge, is to be served consecutive to any other term of imprisonment imposed in the other count?
THE DEFENDANT: Yes.
*Change of Plea Hearing Transcript*, Docket No. 86 at 11-12 in Related Crim. Case No. 15-182 (DRD).

[4] THE COURT: Were you able to talk with your counsel about the content and consequences of the plea agreement and the supplement before you signed both documents?
THE DEFENDANT: Yes.
THE COURT: [to counsel] Did you explain those, Mr. Gonzalez, to your client in the Spanish language?
MR. GONZALEZ: I did, Your Honor.
*Id.* at 86.

THE DEFENDANT: Yes.

THE COURT: I have an original document which has two parts. It has a consent to proceed before a United States magistrate judge in a felony case for pleading guilty and a waiver of rights to trial by jury. I'm showing you the original. There are two signatures above where it says "defendant". Are these two signatures yours?

THE DEFENDANT: Yes.

THE COURT: Were you able to talk with your counsel about the content and consequences of this document before you signed them?

THE DEFENDANT: Yes.

THE COURT: Are you signing this consent and waiver form voluntarily?

THE DEFENDANT: Yes.

THE COURT: Mr. Gonzalez, did you explain to Mr. Rolón in the Spanish language the content and consequences of the consent and waiver?

MR. GONZALEZ: I did, your Honor.

THE COURT: Mr. Rolón, since you're pleading guilty today you're not going to trial. Do you understand that?

THE DEFENDANT: Yes.

*Change of Plea Hearing Transcript*, Docket No. 86 at 5-6, in Related Crim. Case No. 15-182 (DRD)(emphasis ours). The Petitioner also authenticated his initials on every page of the *Plea and Forfeiture Agreement* as well as his signature.[5] As a result of the Plea Agreement, the United States agreed to dismiss the remaining four (4) counts of the indictment. *See Id.* at 17; *see also Plea and Forfeiture Agreement*, Docket No. 68 in Related Crim. Case No. 15-182 (DRD).

The Court further notes that during the *Change of Plea Hearing*, Honorable Magistrate Velez-Rive properly oriented the Petitioner as to the recommendation that would be submitted to the District Judge for sentencing:

THE COURT: As to Count V, which is the firearms charge, the guideline recommended sentence is a minimum term of imprisonment required by statute, that is 60 months. Do you understand that?

---

[5] THE COURT: I have, sir, the original of your plea and forfeiture agreement. I'm showing you some initials on the left margin which read "MRR", are these your initials?

THE DEFENDANT: Yes.

THE COURT: Those initials were placed on every page of the document. And then on page 9 above the name "Marianito Rolón-Rivera", I'm showing you a signature. Is this your signature?

THE DEFENDANT: Yes.

*Id.* at 9-10.

THE DEFENDANT: Yes.

THE COURT: Do you understand that those 60 months are to be served consecutive to the count of imprisonment imposed as to Count VI?

THE DEFENDANT: Yes.

THE COURT: Pursuant to paragraph 8, the parties will not stipulate any Criminal History Category for you. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: In other words, that's going to be calculated by the U.S. Probation Officer.

THE DEFENDANT: Yes.

THE COURT: Pursuant to paragraph 9, which is a sentence recommendation as to Count IV, the parties agree to jointly recommend a term of imprisonment of six months. As to Count V, the parties agree to jointly recommend a term of imprisonment of 78 months to be served consecutively to the sentence imposed on Count IV. The parties' joint recommendation calls for a total sentence of 84 months of imprisonment.

*Change of Plea Hearing Transcript*, Docket No. 86 at 14-15, in Related Crim. Case No. 15-182 (DRD). He was also advised that the "plea agreement has a firearms provision in paragraph 15 – firearms forfeiture provision, in which you agree to forfeit all of your rights, title, and interest in the following property: That is a .40 caliber, model 27, Glock pistol, bearing serial number TZY833, 52 rounds of .40-caliber ammunition, and four magazines, all pursuant to Title 18, United States Code, Section 924(d) and 28, United States Code, Section 2461(c)." *Id.* at 16. Mr. Rolón was also advised that by the Plea Agreement he was agreeing to forfeit all monies and/or property constituting or derives from proceeds obtained directly or indirectly as a result of the violation to 21 U.S.C. § 841(a)(1) including the amount of $6,272.00 and all property used in furtherance of the commission of said offense. *See Id.* The Petitioner was also advised as to the repercussions of signing the *Plea and Forfeiture Agreement* and the rights and consequences of waiving his appeal as follows:

THE COURT: You can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary, or if there's another fundamental defect

in the proceedings that was not waived by your guilty plea. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within 14 days of judgment being entered in your case. Do you understand?

THE DEFENDANT: Yes.

THE COURT: Notwithstanding those appeal rights, Mr. Rolón, your plea agreement has a waiver of appeal in paragraph 10 which reads as follows: <u>"The defendant hereby agrees that if this Court accepts his plea and forfeiture agreement and sentences him according to its terms, conditions, and recommendations, he waives and surrenders his right to appeal the judgment and sentence in this case."</u> <u>Are you aware of that waiver of appeal?</u>

<u>THE DEFENDANT: Yes.</u>

<u>THE COURT: Have you talked with your counsel about the waiver of appeal and its consequences?</u>

<u>THE DEFENDANT: Yes.</u>

<u>THE COURT: Did you explain those, Mr. Gonzalez, to your client?</u>

<u>THE DEFENDANT: I did, Your Honor.</u>

THE COURT: Mr. Rolón, you have indicated to the Court that you are aware of the contents of the indictment. So I ask you, how do you plead to Counts IV and V?

THE DEFENDANT: Guilty.

*Id.* at 19-20 (emphasis ours); *see also Plea and Forfeiture Agreement,* Docket No. 68 in Related Crim. Case No. 15-182 (DRD). Thus, the Petitioner agreed to waive his right to appeal should he be sentenced accordingly.

To that end, the *Plea and Forfeiture Agreement* the parties agreed to recommend the following sentence:

> As to Count Four, the parties agree to jointly recommend a term of imprisonment of six months. As to Count Five, the parties agree to jointly recommend a term of imprisonment of 78 months to be served consecutively to the sentence imposed on Count Four. The parties' joint recommendation calls for a total sentence of 84 months. The defendant agrees that the sentencing recommendation set forth herein is reasonable pursuant to Title 18 United States Code, Section 3553(a).

Docket No. 68 at 5 in Related Crim. Case No. 15-182 (DRD). Although recommendations set forth in a plea agreement are advisory in nature and the Court is not bound to its terms, the Court

evaluated and adopted the recommendation provided by the parties in the Plea Agreement, and accordingly sentenced the Petitioner to "a sentence at the higher end of the guideline range [as this] is a sentence that is just and not greater than necessary." *Sentencing Hearing Transcript*, Docket No. 85, in Related Crim. Case No. 15-182 (DRD). To wit, six (6) months of imprisonment as to Count Four, and seventy-eight (78) months of imprisonment as to Count Five to be served consecutively with each other. *See Judgment*, Docket No. 81 in Criminal Case No. 15-182 (DRD). Thus, the Court is forced to conclude that the Petitioner was well informed by the Plea Agreement that by pleading guilty he was exposed to a sentence of 6 months of imprisonment as to Count Four and 78 months of imprisonment as to Count Five to be served consecutively with each other, and ultimately, there was no deviation from that term when sentenced. *See* Docket No. 68 at 5.

The Petitioner's contention that counsel was ineffective as he did not file a Notice of Appeal is unpersuasive. The Petitioner was sentenced according to the terms set forth in the Plea Agreement. The Petitioner expressed satisfaction with counsel's representation. He also expressed that he entered into a plea agreement knowingly and voluntarily. He was not coerced to enter a plea and there were no changes between the agreements between the parties and the Court's ultimate decision.

The Court finds that Petitioner failed to establish that not filing a notice of appeal would result in a miscarriage of justice. Honorable Magistrate Velez Rive confirmed that the initials in every page of the Plea and Forfeiture Agreement as well as the signature, were in fact, his. She also confirmed that counsel Gonzalez properly oriented him as to the rights and consequences of entering a plea agreement and the consequences of a waiver of appeal. It seems unreasonable

to change your mind when things have gone exactly as accorded. Hence, the Court finds that the arguments set forth by the Petitioner are insufficient to demonstrate that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010) (quoting *Strickland v. Washington,* 466, U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Consequently, the Court deems unnecessary to hold an Evidentiary Hearing as to Petitioner's request or lack thereof of a request to file a Notice of Appeal. The ultimate result would have remained unaltered. More importantly, there is a presumption that the legal representation of counsel was reasonable and effective. Mr. Rolón's claim that he requested the filing of a Notice of Appeal is insufficient to demonstrate the alleged ineffective assistance of counsel.

Thus, the Petitioner's allegation of ineffective assistance of counsel due to Counsel's alleged failure to file a notice of appeal is insufficient is hereby **DENIED**.

### III.    CONCLUSION

For the reasons elucidated above, the Court determines that Petitioner's *Pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.* (Docket No. 1) and *Petition for Writ for Habeas Corpus Pursuant to Title 28 U.S.C. § 2241, Title 28 U.S.C. § 2255(e) (Savings Clause) and Hughes v. United States Number 17-155, 584 U.S.----- 2018)* (Docket No. 18) are hereby **DENIED**. Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2020.

*S/ Daniel R. Domínguez*
Daniel R. Domínguez
U.S. District Judge